UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO,

                                 Plaintiffs,

           -against-

CITY OF NEW YORK, SCOTT DRUMMOND, Individually,
TARA BANNON-ALBARANO, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 4455
(ENV) (VMS)

<u>Jury Trial Demanded</u>

      Plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO, by their attorneys,

Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully allege as follows:

## **Preliminary Statement**

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiffs also assert

supplemental state law claims.

## **JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.  Plaintiffs assert supplemental

state law claims pursuant to common law and the New York State Constitution.

      3.     Jurisdiction is foun d upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.       Venue is properly laid in the Eastern District of New York under 28 U.S.C. §
1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to
Fed. R. Civ. P. 38 (b).

## PARTIES

6.       Plaintiff DOMENICA DIMAGGIO is a fifty-one old woman.

7.       Plaintiff GIOVANNI DIMAGGIO is a forty-six year old man.

8.       Defendant CITY OF NEW YORK was and is a municipal corporation duly
organized and existing under and by virtue of the laws of the State of New York.

9.       Defendant CITY OF NEW YORK maintains the New York City Police
Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police
department, authorized to perform all functions of a police department as per the applicable
sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the individually named defendants,
SCOTT DRUMMOND, TARA BANNON-ALBARANO, and JOHN and JANE DOE 1 through
10, were duly sworn police officers and/or supervisors of said department and were acting under
the supervision of said department and according to their official duties.

11.      That at all times hereinafter mentioned the defendants, either personally or
through their employees, were acting under color of state law and/or in compliance with the
official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New
York and/or the City of New York.

2

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On June 11, 2013, beginning at approximately 11:00 a.m., plaintiffs DOMENICA DIMAGGIO (hereinafter "DOMENICA") and GIOVANNI DIMAGGIO (hereinafter "GIOVANNI"), husband and wife, were lawful occupants in the front seat of their motor vehicle which was travelling northbound on Huguenot Avenue in the vicinity of Rosedale Avenue, in Staten Island, New York.

14.     GIOVANNI was lawfully operating his motor vehicle at said location when defendant NYPD officers SCOTT DRUMMOND and TARA BANNON-ALBARANO unlawfully stopped GIOVANNI'S vehicle.

15.     Defendant DRUMMOND approached GIOVANNI'S driver's side window and requested his license and registration.

16.     Defendant BANNON-ALBARANO approached DOMENICA'S passenger side window and began yelling and cursing at GIOVANNI and DOMENICA.

17.     DOMENICA stated to defendant BANNON-ALBARANO, in sum and substance, what are you trying to do, harass me?

18.     Defendant BANNON-ALBARANO then stated in sum and substance, you want to see harassment, get out of the car.

19.     DOMENICA immediately complied with defendant BANNON-ALBARANO'S order and exited the vehicle.

20.     Defendant BANNON-ALBARANO placed handcuffs on DOMENICA'S wrists

3

in an over tight, crooked, and painful manner, pushed DOMENICA into the back seat of the police vehicle, and imprisoned her therein.

21.     As a result, DOMENICA suffered physical injuries to her knees and wrists.

22.     The defendant officers handcuffed GIOVANNI with over tight handcuffs, pushed him into the back seat of the police vehicle, and imprisoned him therein.

23.     The defendant officers refused to loosen or adjust the plaintiffs' handcuffs despite both of their complaints that the handcuffs were over tight and causing severe pain.

24.     The defendant officers transported plaintiffs to the NYPD's 123rd precinct stationhouse and imprisoned them therein.

25.     While in the 123rd precinct, defendant BANNON-ALBARANO subjected DOMENICA to a humiliating and unlawful strip search.

26.     Defendant BANNON-ALBARANO compelled DOMENICA to lift her shirt and bra to expose her breasts, lift her breasts, and pulled her pants and underwear down to her knees to expose her genitalia and buttocks.

27.     The defendant officers imprisoned plaintiffs until that afternoon when they issued plaintiffs GIOVANNII and DOMENICA summonses, numbered 432466815-2 and 432466816-4, respectively, and released them.

28.     Said summonses compelled plaintiffs' appearance in Richmond County Criminal Court.

29.     Upon information and belief, said summons were defective and were never docketed by the clerk of the criminal court.

30.     The defendants maliciously issued said summonses to plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: avoid

discipline for the aforementioned acts of brutality and abuse of authority.

31.     Defendants JOHN and JANE DOE 1 through 10 participated in, supervised, or were present or otherwise aware of the incident and/or of plaintiffs' claims of over tight handcuffing and/or of the strip search of DOMENICA and failed to intervene or otherwise render aid to plaintiffs.

32.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a practice of using unreasonable force against individuals in retaliation for their exercise of their right to freedom of speech.

33.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding falsely arresting individuals in retaliation for their lawful exercise of their right to free speech, strip searching individuals, and that they engage in a practice of falsification.

34.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

35.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

36.    As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendants Drummond and Bannon-Albarano)

37.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39.    All of the aforementioned acts deprived plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

40.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

41.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.    Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.      Defendants arrested plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

44.      Defendants caused plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO to be falsely arrested and unlawfully imprisoned.

45.      As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
<u>(Unreasonable Force under 42 U.S.C. § 1983 against Defendants Drummond and Bannon-Albarano)</u>

46.      Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.      The level of force employed by defendants was objectively unreasonable and otherwise in violation of plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO'S constitutional rights.

48.      As a result of the aforementioned conduct of defendants, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO were subjected to unreasonable force and sustained physical injuries.

49.      As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a

jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983 against Bannon-Albarano)

50.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendant Bannon-Alborano strip searched plaintiff DOMENICA DIMAGGIO in the absence of reasonable individualized suspicion that she was in possession of weapons or contraband at the time she was searched.

52.     Defendant thereby caused plaintiff DOMENICA DIMAGGIO to be deprived of her right to be free from unlawful strip searches.

53.     As a result of the foregoing, plaintiff DOMENICA DIMAGGIO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983 against Defendants Drummond and Bannon-Albarano)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The acts of the defendant officers were in retaliation for plaintiffs' exercise of their First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiffs.

56.     As a result of the aforementioned conduct of defendants, plaintiffs were subjected

to retaliation for the exercise of their First Amendment rights.

57.     As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983 against Defendant Drummond)

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     Defendant Drummond maliciously issued criminal process against plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO by causing them to appear in Richmond County Criminal Court.

60.     Defendants caused plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their illegal conduct.

61.     As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Defendants Bannon-Albarano and John and/or Jane Doe 1 through 10)

62.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     Defendants John and/or Jane Doe 1 through 10 had an affirmative duty to intervene on behalf of plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO, whose constitutional rights, including not to be arrested without probable cause, not to be subjected to unreasonable force, not to be strip searched, and not to be maliciously issued criminal process, were being violated in their presence by other officers.

64.     Defendants Bannon-Albarano and John and/or Jane Doe 1 through 10 failed to intervene to prevent the unlawful conduct described herein.

65.     As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO were subjected to unreasonable force, their liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated, subjected to handcuffing and imprisoned without probable cause, and DOMENICA was strip searched.

66.     As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendants John or Jane Doe 1-10 Who Were Supervisors)

67.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The supervisory defendants personally caused plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69.     As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

70.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using unreasonable force, arresting individuals in retaliation for their lawful exercise of their right to free speech, improperly strip searching individuals in custody, and engaging in a practice of falsification.

73.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the

11

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO as alleged herein.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO as alleged herein.

77.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO were detained, subjected to excessive force, imprisoned without probable cause, and DOMENICA was strip searched.

78.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO'S constitutional rights.

79.     All of the foregoing acts by defendants deprived plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from the use of excessive force and/or the failure to intervene;

  C.  To be free from seizure and arrest not based upon probable cause;

  D.  To be free from malicious abuse of process;

  E.  To be free from retaliation for the exercise of their first amendment rights;

    and

  F.  To be free from illegal strip searches.

80. As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<u>**Supplemental State Law Claims**</u>

81. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

83. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

84. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

85. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

86. This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York against all Defendants)

87.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Defendants Drummond and Albarano arrested plaintiffs without probable cause.

89.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

90.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

91.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

92.     As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York against All Defendants)

93.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

95.     As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

14

96.     As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York against All Defendants)

97.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants made offensive contact with plaintiffs without privilege or consent.

99.     As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

100.    As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York against Defendant City of New York and Bannon-Albarano)

101.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Plaintiff DOMENICA DIMAGGIO was unlawfully strip searched by defendant Bannan-Albarano in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time she was searched.

103.    As a result of defendants' conduct, plaintiff DOMENICA DIMAGGIO has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

104.    As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York against Defendants City of New York and Bannon)

105.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Defendants issued criminal process against plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO by causing them to be arrested, and requiring theirs appearance in Richmond County Criminal Court.

107.    Defendants compelled plaintiffs' appearances to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their use of excessive forec and abuse of authority.

108.    As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York against All Defendants)

109.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

111.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

112.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

113.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

114.    As a result of the aforementioned conduct, plaintiffs suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

115.    As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

17

paragraph numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

118.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

119.    As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

120.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

122.    As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

18

**AS AND FOR A EIGHTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York against All Defendants)

123. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

125. As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN NINETEENTH CAUSE OF ACTION**
(*Respondeat Superior* liability under the laws of the State of New York against Defendant City of New York)

126. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

128. As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a

jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 against Defendant City of New York)

129.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth herein.

130.    As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

131.    As a result of the foregoing, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
   August 10, 2015

         BRETT H. KLEIN, ESQ., PLLC
         Attorneys for Plaintiffs DOMENICA DIMAGGIO
         and GIOVANNI DIMAGGIO
         305 Broadway, Suite 600
         New York, New York 10007
         (212) 335-0132

       By:   /s/ Brett Klein      
         BRETT H. KLEIN (BK4744)

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DOMENICA DIMAGGIO and GIOVANNI DIMAGGIO,

                                   Plaintiffs,

         -against-                                         14 CV 4455
                                                       (ENV) (VMS)

CITY OF NEW YORK, SCOTT DRUMMOND, Individually,
TARA BANNON-ALBARANO, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                   Defendants.

--------------------------------------------------------------------------------X

## **AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132